Good morning, Your Honors. My name is David Wakefield. I represent the appellant Robert Segalman. I'd like to reserve one minute of rebuttal. Your Honors, plaintiff appellant's position is that the district court erred below because it followed Alexander v. Sandoval in denying Mr. Segalman's AC, his Air Carriers Accessibility Act claim. We believe that that claim is a disparate treatment claim, not a disparate impact claim. Alexander v. Sandoval has an impact. I'm sorry, has application only on disparate impact type of claims. We also believe that the Texas Department case also further erodes Alexander v. Sandoval. For the reasons stated in the plaintiff's briefs, plaintiff would rest on those arguments contained within the brief unless the court has questions. Thank you, Your Honors. Good morning, Your Honors. My name is Rebecca Martirano for Southwest Airlines. We would ask Your Honors to affirm the decision of the trial court, who on two occasions affirmed that the ACAA does not provide a private right of action, and both the trial court as well as other circuit courts that have considered this issue and as also referred to by this Court in Gilstrap have looked to the ACAA statute and have relied on the fact that in the 2000 amendment to the ACAA, extensive and detailed provisions were added about how the ACAA should be enforced. That includes that any person who is aggrieved may file a complaint with the Department of Transportation. It includes that the Department of Transportation itself may file a civil action and the Attorney General may file a civil action in a district court. It also provides that an individual may appeal an order by the Department of Transportation with a court of appeals. And so other courts that have considered that have found that that very powerfully suggests that while a number of very specific remedies were provided, what was not provided was a private action for an individual to bring a private action under the ACAA. And so under, since Alexander v. Sandoval, that is exactly the analysis that is appropriate. One should look to the language of the statute and how it's applied. And so in this case, that makes it very clear that a private action by an individual is not provided. As pointed out in our brief, of course, since Gilstrap, that does not leave an individual without remedies. Gilstrap provides that an individual may file a tort action in state court where the ACAA provides the standard of care and then state law provides the remedies. So that does not leave a plaintiff such as Mr. Siegelman without a remedy if he believes that he has suffered injury or due to a violation of the ACAA. There were tort claims here that were dismissed, correct? That's correct. That's correct. The negligence claim was actually the only claim that survived, but Mr. Siegelman didn't want to pursue that. He voluntarily dismissed the negligence claim because I think he wanted to bring this issue to the court. Okay. Thank you. Okay. Did you have something you wanted to say? No, Your Honor. I didn't think so. So the matter is submitted.
judges: Paez, Ikuta, Vitaliano